## Price v. Whelan et al., Appellants.

*Contracts—Sales—Real estate—Agreement to vacate road—Taking of road by railroad—Action for purchase-price—Recital in deed subsequent to suit.*

1. In an action to recover the balance of the purchase-price of land sold by the plaintiff to the defendant it appeared that the agreement of sale stipulated that plaintiff should secure the va-

cation of a street which was located at one end of the property and wholly within its bounds. Plaintiff took steps for the vacation of the road but before its vacation could be accomplished a railroad condemned the road, and subsequently compensated defendant for the loss thereof. Defendant contended he was not liable for the balance of the purchase-price, plaintiff having failed to have the road vacated. The case was tried without a jury. *Held,* (1) the taking for railroad purposes extinguished the easement and (2) its extinguishment, no matter by whom or for what cause, enured to plaintiff's benefit, and the court properly found in his favor.

2. In such case plaintiff's rights could not be prejudiced by the recitals in the deed from defendant to the railroad company, executed subsequent to the present suit.

3. The fact that the railroad may not occupy the street without the consent of the Public Service Commission and the municipality is immaterial as between plaintiff and defendant.

4. Where land held for one public use is lawfully taken for another inconsistent public use, the former is destroyed.

Argued June 11, 1918. Appeal, No. 79, Jan. T., 1918, by defendants, from judgment of C. P. No. 1, Philadelphia Co., March T., 1915, No. 3952, entered for plaintiff by the court without trial by a jury in case of Edward Trotter Price, Surviving Trustee under the will of Thomas C. Price, deceased, v. Patrick J. Whelan and James T. Whelan. Before Brown, C. J., Moschzisker, Frazer and Walling, JJ. Affirmed.

Assumpsit for balance of purchase-price of land. Before Patterson, J.

The facts appear by the opinion of the Supreme Court.

On trial by the court without a jury the court found for the plaintiff for $3,118, and entered judgment on the findings. Defendants appealed.

*Errors assigned* were various findings of fact and law and the judgment of the court.

*J. Lee Patton,* for appellants.—The condemnation did not vacate the public road: Pittsburgh, Etc., R. R. Co. v. Commonwealth, 101 Pa. 192; Commonwealth v. Penna.

R. R. Co., 117 Pa. 637; Danville, Etc., R. R. v. Commonwealth, 73 Pa. 29; Act June 8, 1881, P. L. 68; Pittsburgh v. Pittsburgh, C. & W. R. R. Co., 205 Pa. 13; Philadelphia v. River Front R. R. Co., 173 Pa. 334; Act April 4, 1868, Sec. 12, P. L. 62; Act July 26, 1913, Art. II, P. L. 1374; Riley v. Penna. Company, 32 Pa. Superior Ct. 579; Jones v. Erie & Wyoming Valley R. R. Co., 169 Pa. 333.

*Wm. Findlay Brown,* for appellee.—The easement over the road was removed by the condemnation and taking of the ground for railroad purposes: Philips v. Dunkirk, Etc., R. R. Co., 78 Pa. 177; Jones v. Erie & Wyoming Valley R. R. Co., 151 Pa. 30; Central Dist., Etc., Tel. Co. v. Pittsburgh, McKeesport & Y. R. R. Co., 55 Pa. Superior Ct. 237; Phillips v. St. Clair Inclined Plane Co., 153 Pa. 230; Quigley v. Penna. S. V. R. R. Co., 121 Pa. 35; Matter of City of New York, 216 N. Y. 67.

OPINION BY MR. JUSTICE WALLING, July 17, 1918:

This is an action of assumpsit for the balance of purchase-money of land. In August, 1912, plaintiff sold defendants about thirty acres of land, located in the northeastern part of the City of Philadelphia; the western boundary of one piece thereof being the eastern line of the right of way of the Northern Pennsylvania Railroad Company. Within the bounds of the land and adjoining the right of way was a public road of the width of thirty-two feet, extending from Fisher avenue south for about 865 feet. By the agreement, plaintiff was to secure the vacation of this street, pending which the price of the land embraced therein, to wit, $3,180, was deposited with a bank as stakeholder, and later paid into court, where this suit to determine its ownership was tried without a jury.

In 1854, a public highway known as the Bristol road, of the width of thirty-three feet, extended along the western boundary of what is the road here in question. At that time the land lying east of the center of the Bristol

road, including that here in controversy, was owned by Joseph Price and his wife, Elizabeth G. Price, plaintiff's predecessors in title.    Then the railroad company took and occupied the Bristol road as right of way and secured a conveyance from Mr. and Mrs. Price of their one-half part thereof for railroad purposes.    To comply with the statute, it was necessary for the railroad company to reconstruct the public highway, so it was provided in said conveyance, "......that they the said Joseph Price and wife their heirs and assigns shall and will throw out and leave open for public use as a road or common highway in lieu of that part of said Bristol road or street occupied by the railroad as above stated a strip of ground of the width of 32 feet, adjoining and along the eastern side or line of the said Bristol road or street so far as it is laid down of the width aforesaid......Provided that the said strip of ground so thrown out shall not at any time hereafter be used for railroad purposes without the grant or permission of the said Joseph Price and wife or of her heirs or assigns."    Then follows a stipulation for reversion of the land so thrown open and restoration of the Bristol road should it cease to be used for railroad purposes.

So far as appears the thirty-two foot strip of land so thrown open has since been used by the public.    Following the conveyance to defendants, plaintiff took steps to secure its vacation, and, after some negotiations, caused a petition on part of defendants for that purpose to be presented to the city authorities, to which an answer was filed.    In March, 1914, while that proceeding was pending, the railroad company filed in court its petition and bond for the condemnation of a block of defendants' land embracing the thirty-two foot strip here in question; the record shows that the land so taken was for any and all uses and purposes of the railroad company.    The viewers appointed in the latter proceeding awarded defendants $9,532, as damages for such taking; from which both parties appealed and later compromised.    The con-

demnation proceedings show said 32 feet as a public road. On the theory that it was extinguished by the taking for railroad purposes, plaintiff brought this suit. The trial court sustained that theory, made its findings and entered judgment for plaintiff accordingly; from which defendants appealed. We find no error in the record.

The railroad company was within its rights, and when the bond was filed the title passed as to all land embraced in the proceedings, including the bed of the public road, with the right to use the same for all railroad purposes; as between the parties the railroad acquired the street itself and defendants the right to be compensated for it; especially as by the original agreement it was never to be used for railway purposes without the consent of the owner of the fee. By the taking the right to compensation vested in the defendants: Underwood v. Penna., Monongahela & Southern R. R. Co., 255 Pa. 553. It is not what the railroad company has done with the property taken but what it has the right to do with it; it may, as against defendants, cover the entire road bed with tracks. That the public may require a reconstruction of the highway elsewhere is true, as it also is that a railroad cannot occupy a street without municipal consent and perhaps not now except by the consent of the Public Service Commission, but those questions are not material here, as we are dealing with private rights. A railroad company having taken property under the right of eminent domain cannot set up the lack of municipal consent to occupy it. Such company, by proper consent, may lay its track in a street and use the same conjointly with the public; but here the entire street and adjoining land were appropriated with the right to use it all for railroad purposes, which whenever exercised will exclude the public therefrom. Where land held for one public use is lawfully taken for another inconsistent public use, the former is destroyed. Regardless of what is done with the land, defendants will have no right to additional compensation, as to them the

land, including the easement, is gone. Their entire interest was divested and for it they were or should have been compensated. A formal vacation of the street now would as to them be a vain thing. The public street having been destroyed by the condemnation proceedings, at least so far as the parties to this suit are concerned, plaintiff is entitled to the fund in question, for the extinguishment of the easement, no matter by whom or from what cause, enures to his benefit. On the basis of such extinguishment, his contract was fulfilled and he is entitled to the balance of the purchase-money irrespective of what defendants receive from the railroad company. Had that company taken the public road without making compensation to defendants they could have maintained ejectment for the land embraced therein: Phillips v. Dunkirk, Etc., R. R. Co., 78 Pa. 177.

Neither plaintiff nor his predecessors in title received any compensation for the use of the 32-foot strip of land for railroad purposes, and taking it for that purpose was such a violation of the original agreement as to destroy the easement therein, as between the parties. Plaintiff's rights cannot be prejudiced by the recitals in the deed from defendants to the railroad company, made subsequent to the bringing of this suit.

As the case turns practically on the question whether the condemnation removed the easement of the public road, we do not consider it necessary to pass separately on the several assignments of error.

The judgment is affirmed.