## Philadelphia Electric Co., Appellant, v. Commonwealth et al.

Argued April 17, 1933. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*John P. Connelly,* for appellant.

*Harold D. Saylor,* Deputy Attorney General, with him
*David J. Smyth* and *Wm. A. Schnader,* Attorney Gen-
eral, for appellees.

PER CURIAM, May 22, 1933:
The Philadelphia Electric Company appeals from
judgment entered against it in a case stated. The sole
question is whether plaintiff, a public utility corpora-
tion, is entitled to compensation for expense incurred in
relocating conduits, substructures and two lamp stand-
ards in streets of the City of Philadelphia, due to a
change in grade made necessary in those streets by the
construction of the Delaware River Bridge connecting
the cities of Philadelphia and Camden.

Plaintiff bases its claim upon the Act of July 9, 1919,
P. L. 814, (providing for construction of the bridge)
which states in section 1 that the Commonwealth and the
City of Philadelphia shall contribute to the cost of con-
struction, and in section 2 that, "The term 'cost of con-
struction'......shall include......the cost of acquisi-
tion of the ground for the site of said bridge and the

approaches thereto, including any franchises, easements, rights, or damages incident thereto or consequent upon the taking thereof." Section 5 authorizes the commission "to purchase......such lands, structures, rights of way, franchises, easements, or other interests in lands, including lands under water and riparian rights, of any person, railroad, or other public or private corporation or municipality, necessary for the building of said bridge and the approaches thereto."

Despite appellant's assertion that its claim is for damages incurred directly, we are of opinion that any loss suffered by it in making the relocations above referred to was consequential, being merely incident to the construction of the bridge. As stated by the court below: "There was no taking of any portion of the plaintiff's property, it was not deprived of its easement and the only damage of which it complains is the cost of relocating its conduits and light standards [in the streets] to make them conform with the new [established] grade."

We recently held in McGarrity, Admr., v. Com. of Pa., 311 Pa. 436, that the Act of July 9, 1919, supra, does not impose a liability upon the Commonwealth for consequential damages resulting from the erection of the bridge in question, inasmuch as such intention was not clearly expressed in the title of the statute. The damages suffered in the present case being consequential, there can be no recovery by appellant.

The judgment of the court below is affirmed.