## Delaware River Joint Commission Case.

120

Argued January 21, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Benjamin O. Frick,* of *Evans, Bayard & Frick,* for appellant.

*Augustus F. Daix, 3rd,* with him *T. Harry Rowland,* for appellee.

OPINION BY MR. JUSTICE LINN, March 24, 1941:

The Bell Telephone Company of Pennsylvania, appellant, as permitted by certain consent ordinances, constructed conduits for wires and other appliances in streets in the City of Philadelphia.[1] Pursuant to the Act of June 12, 1931, P. L. 575, 36 PS § 3503, and enabling legislation in New Jersey, the Commonwealth of Pennsylvania and the State of New Jersey created the Delaware River Joint Commission as a body corporate and politic for the purposes and with the rights, powers, etc., stated in the Compact provided for in the Act.

In March, 1934, the Commission notified appellant that the Commission "had entered into a contract for the construction of a subway in Philadelphia from Eighth and Race Streets to Sixth Street and an underpass in Fifth Street between Cherry and Callowhill Streets, and that in case the existing manholes, conduits and cables of your petitioner were found to interfere with this construction, as the work progressed, the Commission would require your petitioner to remove or relocate its structures to the extent necessary to permit the subway and underpass construction to be made." The subway and underpass were part of the establishment and construction of railroad or other facilities for the transportation of passengers across said Delaware River Bridge, as provided by the Act. Appellant acknowledged the notice, denied the right of the Commission to compel compliance without compensation and stated that it would perform the work "under protest and hold the Commission liable for compensation therefor." After completing the work, appellant applied for

---

[1] See *Com. ex rel. Bell Tel. Co. v. Warwick,* 185 Pa. 623, 40 A. 93.

viewers to assess the damage. On motion of the Commission the application was dismissed on the ground that the damage was consequential and that the legislature had not required payment for such damage. This appeal followed.

Appellant contends that it is entitled to compensation under the Act of 1931, and that the refusal to appoint viewers to assess its damages, in the circumstances stated, results in taking its property without just compensation, prohibited (1) by the Constitution of Pennsylvania, (2) by the due process clause of the 14th Amendment and (3) by the contract clauses of both federal and state constitutions.

The Commission, in this Commonwealth, acts as the agent of the Commonwealth. The portion of the bridge and the approaches to it in the City of Philadelphia are part of the highway system of Pennsylvania: *Com. ex rel. Smith v. Clark*, 331 Pa. 405, 413, 200 A. 41. Appellant's structures and appliances involved were within street lines and have been relocated and reconstructed within street lines. The consent ordinances conferred no franchise, interest or estate in any particular portion of the streets; on the contrary the grant was expressly subjected to municipal regulation as will appear later. To require appellant to remove its conduits from one location in the street to another, or, in other words, to require it to surrender, in the course of the general improvement of the highway system, the space in which a conduit was constructed in one part of the street and permit its reconstruction in another, was therefore not a taking of property; after the reconstruction, the appellant enjoyed the same street franchise under its consent ordinances as it had enjoyed before. The cost of the reconstruction or readjustment of facilities was of course a consequence of the Commission's action but neither the statute nor the constitution requires the Commission to reimburse for such consequential expenditures.

The appellant contends that the right to the compensation claimed is conferred in Article V of the Compact, 1931, P. L. 580, 36 PS § 3503, which provides that, if unable to agree with the owner upon terms for the acquisition of real property, the Commission may acquire it pursuant to provisions of the Act of 1919, P. L. 814, 36 PS § 3421 et seq. There is no support for that argument because, as we have said, no property has been taken and it has been held that the Act of 1919 makes no provision for compensation for consequential damages: *McGarrity v. Com.*, 311 Pa. 436, 166 A. 895, appeal dismissed, 292 U. S. 19, rehearing denied, id. at 607; *Phila. Elec. Co. v. Com.*, 311 Pa. 542, 166 A. 892. See also *Delaware River Joint Toll Bridge Commission v. Colburn*, 310 U. S. 419;[2] *N. J. Bell Tel. Co. v. Delaware River Joint Commission*, 15 A. 2d 221 (N. J. Sup. Ct. 1940).

Appellant may not complain that, in requiring relocation of facilities within street lines, the purpose of the Commission was to provide adequate bridge approaches to enable the Commission to contract with another utility for street car transportation over the bridge; Article I, clause (b), authorizes the Commission to establish such service: compare *Bell Telephone Co. v. Pa. P. U. C.*, 139 Pa. Superior Ct. 529, 12 A. 2d 479; *Keystone Telephone Co. v. P. & R. Ry.* 56 Pa. Superior Ct. 384.

---

[2] "Moreover, in 1928, six years before the Compact, the Supreme Court of Pennsylvania, in *Westmoreland Chemical & Color Co. v. Public Service Comm'n*, 294 Pa. 451, 144 A. 407, departed from its ruling in *Chester County v. Brower*, supra, and *Appeal of Delaware County*, supra, and has since held that the constitutional provision in the absence of a statute requiring it gives no right of recovery from a landowner for consequential damages resulting from structures located wholly on his own land whether acquired by purchase or eminent domain. *Hoffer v. Reading Co.*, 287 Pa. 120, 134 A. 415; *Soldiers and Sailors Memorial Bridge*, 308 Pa. 487, 491, 162 A. 309; *McGarrity v. Commonwealth*, 311 Pa. 436, 439, 166 A. 895." 310 U. S. at p. 433.

The regulation and control of the streets of Philadelphia by the city is subject to the paramount authority of the Commonwealth in the exercise of which the Commonwealth may confer jurisdiction over streets on another agency created by it for public purposes: *Tranter v. Allegheny County Authority*, 316 Pa. 65, 74, 173 A. 289. The consent ordinances by which the appellant constructed and operated appliances within the streets were necessarily granted subject to the exercise of this power as an implied term of the grant. All that appears to have been done in the transactions shown in the record may be supported as done in the exercise of these general powers. It may be observed that the consent ordinance of December 24, 1879, appearing in the record, enacted that the telephone company "before erecting any wires, as provided herein, [shall] file in the Law Department a written obligation to comply with all the ordinances of the City regulating or in any manner controlling telegraph or telephone companies in the use of the streets for telegraph or telephone purposes, which have been, or may hereafter be, enacted, as well as the provisions of this ordinance." In *Phila. Electric Co. v. Phila.*, 301 Pa. 291, 152 A. 23, we said at pp. 301-2: "The franchise, and not the particular location, is the essence of the contract, and the city under its power to regulate might compel, for instance, a railway company to remove its tracks from the center to the side or from the side to the center of the street: *Grand Trunk Western Rwy. Co. v. South Bend*, 227 U. S. 544, 553. . . . In the case before us there was no taking or appropriating of property. . . ." See also *Phila. Electric Co. v. Commonwealth*, 311 Pa. 542, 166 A. 892. We must conclude that there was no taking without due process and that the franchise contract with appellant has not been impaired.

Order affirmed at appellant's costs.