## Connellsville Housing Authority v. Bell Telephone Co.

*William Soisson*, for plaintiffs.

*Ray, Coldren & Buck*, for defendant.

CARR, P. J., October 3, 1957.—This is a case stated growing out of the exercise by a housing authority of its right of eminent domain. The condemnation was of a tract of unimproved land over which a telephone company had been granted a right-of-way subject to a stipulation that if its lines as originally located should interfere with the construction of improve-

ments on the land the necessary changes to avoid such interference would be made by and at the expense of the telephone company, and the question involved is whether, after accepting from the housing authority the grant of a new right-of-way as of equal value over another part of the land, the telephone company is entitled to recover from the housing authority the cost of moving and reconstructing its lines in the new location.

On March 25, 1952, Connellsville Housing Authority adopted a resolution condemning and appropriating for a federally aided low rent housing project of 100 units a tract of seven acres of unimproved land in the City of Connellsville then owned by Paul C. Sandusky and Estella A. Sandusky, his wife, over which, by agreement dated January 10, 1952, recorded in the Recorder's Office of Fayette County on February 5, 1952, in Deed Book vol. 774, p. 349, the Sanduskys had granted to The Bell Telephone Company of Pennsylvania a right-of-way upon which, previous to March 25, 1952, the company had erected its poles and other appliances and strung its wires in a diagonal direction. The grant expressly provided that: "Should said line or any portion thereof interfere with improvements on our land, the necessary changes to avoid such interference should be made by and at the expense of the telephone company."

On April 14, 1952, the housing authority filed in this court at no. 354, March term, 1952, and obtained our approval of a bond tendered by it and at the same time filed a petition for the appointment of viewers to ascertain the damages to which the owners were entitled, but without joining the telephone company. On June 2, 1952, the viewers filed their report, finding that the Sanduskys were the owners of the property condemned and that its value was $15,000, which sum

they accordingly awarded in full to the Sanduskys. To this report no exceptions were filed nor was any appeal taken from it.

Subsequently the housing authority called upon the telephone company to remove its lines to another part of the land and to do so at its own expense, in accordance with the terms of its grant from the Sanduskys, and when the telephone company refused, the housing authority, on May 11, 1954, apparently because the telephone company had not been named or its interest mentioned in the original resolution of March 25, 1952, or in the proceedings at no. 354, March term, 1952, adopted an additional resolution condemning specifically the right-of-way of the telephone company. Thereafter, on June 7, 1954, it filed at no. 18, June Term, 1954, an additional bond, likewise duly approved, for the benefit of the telephone company. Finally, on September 10, 1954, before any petition for the appointment of viewers was filed in the proceeding at no. 18, June term, 1954, the housing authority and the telephone company entered into a written agreement by the terms of which the housing authority granted to the telephone company and it accepted as being of a value to it equal to the former one a new right-of-way in another location, stipulating that if the authority should be found liable to it in the proceeding at no. 18, June term, 1954, the only claim of damages it would make would be for the actual expense of relocating its lines. It then proceeded with the removal and reconstruction at a cost of $4,686.05. The parties have now waived the appointment of viewers and submitted the case to us, agreeing that if the telephone company is entitled to recover the cost of relocating its lines judgment shall be entered in its favor against the housing authority in the amount of $4,686.05, otherwise for the housing authority.

As stated by the parties, the questions submitted for our determination are these:

(1) Is defendant, the telephone company, entitled to recover damages as the result of the taking of its right-of-way by eminent domain proceedings?

(2) If the answer is in the affirmative, does the typewritten addendum clause in the right-of-way agreement, identified as exhibit "A" (the Sandusky grant), "Should said line or any portion thereof interfere with improvements on our land, the necessary changes to avoid such interference should be made by and at the expense of the telephone company," defeat defendant's, telephone company's, right to recover said damages?

In our opinion that first question must be answered negatively so far as any present liability is concerned. It is true, as the telephone company contends, that the effect of the condemnation of the Sandusky land by the housing authority in 1952 and the additional proceedings against the telephone company itself in 1954 was to extinguish the easement of the telephone company and entitle it to compensation measured by the value of the easement: Price v. Whelan, 262 Pa. 50; Restatement of the Law of Property §§507, 508. We think it equally clear, however, that the grant by the housing authority of a new right-of-way over the land and its acceptance by the telephone company as being equal in value to the former one constitutes payment of all actual damages. It is to be seen that before and at the time of the condemnation the telephone company did not own a permanent right-of-way in any particular location on the land; it was bound by the terms of the Sandusky grant to relocate its lines elsewhere on the land whenever necessary to avoid interference with improvements, and to do so at its own expense. Accordingly, when, after the condemnation, it obtained

from the housing authority without cost the new and equally valuable right-of-way, it was fully compensated for the value of its interest in the land. The agreement of September 10, 1954, restored to it all that it had previously enjoyed. It has not been put to any expense it had not assumed under the Sandusky grant, and consequently it has suffered no loss. The cost of relocating these facilities is therefore not a recoverable expense.

In the Delaware River Joint Commission Case, 342 Pa. 119, it was held that a telephone company permitted by a city ordinance to lay its conduits in a city street suffered no compensable damage when required by the city to remove them from one part of the street to another, since it had no estate or interest in any particular location and after the relocation enjoyed the same franchise as before.

In view of our negative answer to the first question, the second need not be considered further. We conclude that the housing authority is entitled to judgment in its favor against the claim of the telephone company.

### Order

And now, October 3, 1957, upon consideration of the foregoing case, judgment is hereby entered in favor of the Connellsville Housing Authority as against the claim of The Bell Telephone Company of Pennsylvania.