Holmes Protection of Pittsburgh, Inc., Lessee, and Pittsburgh Fire and Protection Company, Lessor, Appellants *v.* Port Authority of Allegheny County, Appellee.

Argued March 12, 1985, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Samuel P. Kamin*, with him, *Robert J. Garvin, Goldberg & Kamin*, for appellants.

*Dennis L. Veraldi*, with him, *Jo Ann Haller, Eckert, Seamans, Cherin & Mellott*, for appellee.

OPINION BY JUDGE DOYLE, July 9, 1985:

Appellants appeal from the order of the Allegheny County Court of Common Pleas which sustained the preliminary objections of the Port Authority of Allegheny County (Port Authority) to Appellants' petition for appointment of viewers filed under Section 502(e) of the Eminent Domain Code (Code).[1]

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 §1-502(e).

Appellants, Holmes Protection of Pittsburgh, Inc. (Holmes) and Pittsburgh Fire and Protection Company (Pittsburgh Fire) own and maintain communication cable used in providing burglar alarm, fire alarm and other services to their customers. Holmes is the lessee of a right-of-way granted to Pittsburgh Fire by an 1896 Pittsburgh Ordinance which permits the grantee

> to enter upon, use and occupy the streets, avenues and highways of the City of Pittsburg, for the purpose of erecting and maintaining poles or other supports, . . . and to place and maintain therein and thereon such wires, cables, tubes and other electrical devices and appliances as may be necessary. . . .

On August 7, 1981, the Port Authority excavated a portion of Liberty Avenue between Fifth and Sixth Avenues in connection with its construction of a light rail transit system in Pittsburgh. As a result of this excavation, telegraph and telephone cables owned by Appellants were removed.

On August 3, 1983, Appellants filed a petition for the appointment of viewers pursuant to Section 502 (e) of the Code, alleging that their right-of-way granted by the ordinance had been interfered with. On August 15, 1983, the Port Authority filed preliminary objections to Appellants' petition, alleging that there had been no compensable taking under the Code.

A hearing was held in the court of common pleas on December 9, 1983, at which time evidence was presented by both sides. After a consideration of the evidence, the court entered an order sustaining the preliminary objections and dismissing Appellants' petition for appointment of viewers. Appellants appeal from that order.

It is well settled that preliminary objections are the exclusive method under the Code of raising legal and factual objections to a petition for appointment of viewers which alleges a de facto taking. *City of Pittsburgh v. Haffner,* 80 Pa. Commonwealth Ct. 53, 471 A.2d 116 (1984); *City of Philadelphia v. Airportels, Inc.,* 14 Pa. Commonwealth Ct. 617, 322 A.2d 727 (1974). The court may not dismiss such objections without first conducting an evidentiary hearing to determine whether a de facto taking took place. *City of Pittsburgh v. Haffner, Beluschok v. The Peoples Natural Gas Co.,* 79 Pa. Commonwealth Ct. 540, 470 A.2d 196 (1984).

Where the court sustains the preliminary objections, our Court's scope of review is limited to determining whether there is competent evidence in the record to support the findings made or whether an error of law was committed. *Petition of Ramsey,* 31 Pa. Commonwealth Ct. 182, 375 A.2d 886 (1977). In light of this scope of review, we note that our present consideration of this appeal is somewhat hampered by the lack of formal findings by the trial court. From the transcript of the proceedings, however, we find that the trial judge made the following statement:

Holmes has the right to go into the street which has not been disturbed by the Port Authority.

Although formal findings would have been preferable, it is apparent that the trial court intended this statement to be its finding. For this reason we need not remand for findings, but shall consider this statement as the court's finding for purposes of our review.

A de facto taking under Section 502(e) of the Code occurs whenever an entity clothed with the power of eminent domain substantially deprives an owner of the use and enjoyment of his property. *McCracken v. City of Philadelphia,* 69 Pa. Commonwealth Ct. 492,

451 A.2d 1046 (1982); *Merrick Appeal,* 68 Pa. Commonwealth Ct. 506, 449 A.2d 820 (1982). Where a de facto taking is alleged, the property owner bears a heavy burden of proof and must show that exceptional circumstances exist which substantially deprive him of the use of his property and further, that this deprivation is the direct and necessary consequence of the actions of the entity having the eminent domain power. *McCracken.*

In the present case it is undisputed that Appellants' property interest is in the form of a right-of-way which has been granted to them by the City of Pittsburgh. The evidence indicates, and the court so found, that the Port Authority's excavation did not deprive Appellants of this right-of-way. Indeed, attorney for Appellants admitted at trial that Appellants could legally return to the excavated area and reinstall the communication cables which had been removed.[2]

---

[2] The following colloquy took place between the court and attorney for Appellants:

Q: Mr. Kamin, are you going to tell this Court that Holmes—P.F.P., if they so choose to go right down to Sixth Avenue now that is now cemented over and start digging trenches to put in the cables or however they do it, who's going to stop them?

A: I think the City of Pittsburgh would probably stop them at this point.

Q: We're not talking about the City of Pittsburgh. We're talking about, did they have the right to do it under Ordinance 135?

A: Assuming they could get the proper permits.

Q: We're not talking about complying with construction permits and construction ordinances. We're talking about the right to go into the street.

A: Since that ordinance remains in effect, yes.

Q: Then what have they lost? What they have lost is a cable which was in there?

A: That is correct.

Although Appellants acknowledge that no real property interest has been taken, they contend that the destruction of their personal property interest in the communication cable constitutes a de facto taking under the Code. Appellants cite *Redevelopment Authority of Philadelphia v. Lieberman,* 461 Pa. 208, 336 A.2d 249 (1975) for the proposition that personal property is compensable under the Code. *Lieberman,* however, held only that when personal property makes up part of the real property interest taken under the Code, it should be included in calculating the property's fair market value. 461 Pa. at 219, 226, 336 A. 2d at 255, 258-59. This holding is reflected in Section 603 of the Code, which includes in the determination of the fair market value of a condemned property a consideration of "[t]he machinery, equipment and fixtures forming part of the real estate taken." Clearly, where no real estate has been taken, there can be no compensation of personal property under the Code.

In the present case, Appellants have admitted that their real property interest—the right-of-way—has not been taken. Thus, their remedy, if any, for the Port Authority's removal and destruction of the communication cable lies not in Eminent Domain, but in an action in trespass.

For these reasons, we conclude that the court was correct in finding that there had been no compensable taking under the Code. Accordingly, we affirm the order of the court dismissing Appellants' petition for appointment of viewers.

### Order

Now, July 9, 1985, the order of the Court of Common Pleas of Allegheny County, No. GD83-12556, dated December 12, 1983, is hereby affirmed.

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent because I believe that the preliminary objections should be overruled and that the petitioner should be allowed to show the extent of his damages, if any, in an eminent domain proceeding.

Under the common law, a public utility's use of the municipal roadways was subject at all times to the paramount right of the municipality to control and regulate their use under the police power. *Philadelphia Electric Co. v. Philadelphia,* 301 Pa. 291, 152 A. 23 (1930). Consequently, a permit to use the streets had been characterized as defeasible, and subordinate to the police power. No vested rights are conferred. The utility had no compensable property interest associated with its use of the streets for its lines. With the termination of this license, the utility was left without any interest *in the land* of any kind and no compensable interest. *Vermont Gas Systems v. City of Burlington,* 130 Vt. 75, 286 A.2d 275 (1971); *Delaware River Joint Commission Case,* 342 Pa. 119, 19 A.2d 278 (1941) (superseded by statute as stated in *Philadelphia v. Philadelphia Electric Co.,* 504 Pa. 312, 473 A.2d 997 (1984)); *Bell Telephone Co. of Pennsylvania v. Public Utility Commission,* 139 Pa. Superior Ct. 529, 12 A.2d 479 (1940). On this rationale, the appellee bases its contention that no compensation is required in eminent domain proceedings.

However, where legislative intent to effect a departure from a firmly established principle of law is expressed in clear and unequivocal language, such principle is regarded as changed. *Philadelphia Suburban Water Co. v. Public Utility Commission,* 168 Pa. Superior Ct. 360, 78 A.2d 46 (1951); *Vermont Gas Systems.*

The Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended,* 35 P.S. §§1701-1746.1, ex-

presses just such an intent. In that Act, real property to be taken by eminent domain is defined as lands, structures and any and all easements, franchises and incorporal hereditaments. 35 P.S. §1703(K). In addition, the appellant was paid for its claim for relocation damages and business displacement damages under the Uniform Relocation Act. This shows an intent that the general public should bear the costs where a public improvement is involved. Incidentally, the fact that this appellant received moving expenses does not entirely dispose of the matter because associated with the complaint is a claim for compensation for the lines left behind in the area project. Relocation damages are also provided for in the Eminent Domain Code.

Under Section 607 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-607, machinery, equipment and fixtures forming part of the real estate must be taken into consideration in determining damages. Since the Code did not provide the criteria for determining when machinery, equipment and fixtures become part of the real estate and when they are personal property, our supreme court fashioned what is known as the assembled economic unit doctrine. *Singer v. Oil City Redevelopment Authority,* 437 Pa. 55, 261 A.2d 594 (1970); *Redevelopment Authority of Erie v. Pulakos,* 17 Pa. Commonwealth Ct. 251, 330 A.2d 869 (1975). Under this doctrine, the Code views a taking of a commercial enterprise as an enforced relocation and, where equipment must be moved, the condemnee ordinarily is paid removal and installation costs only. However, that which is not removable without substantial injury, is compensable as part of the real estate for eminent domain purposes. *Singer.*

The Code, therefore, defines personal property as any tangible property not considered to be real estate for purposes of general damages. 26 P.S. §1-201(10). Also, under the assembled economic unit doctrine as set forth in *Singer,* property converted to real estate is not personal property. It may be argued that since title to the street remains in the municipality, the lines should be considered as real estate and are also owned by the municipality. However, for eminent domain purposes, the intent in any taking was to compensate the franchise.

In conclusion, since the franchise is considered real estate for eminent domain purposes, substantial interference with the beneficial use of this real estate triggers the Fifth Amendment to the United States Constitution and compensation must be awarded. The fact that the appellant may be able to continue to use the street in some other manner may affect the extent of the damages, but not the right to compensation.