## Chess *against* Manown.

The owner of a private ferry has no right to land boats and passengers at the *terminus* of a public highway, between high and low water mark, on the opposite margin of the river, without the consent of the owner of the soil.

ERROR to the common pleas of *Alleghany* county.

James Manown, the defendant in error, brought an action of trespass *quare clausum fregit* against the plaintiffs in error, to prevent them from landing with ferry boats and passengers on his land. A public road passes through Manown's farm to the edge of the Monongahela river. Chess owns the land on the opposite side, and keeps a ferry. Manown contends that Chess has no right to land his passengers at the end of the road terminating at low water mark on Manown's land.

The court below charged the jury as follows (Shaler, president):

"The landing complained of is admitted to have been on the shore between high and low water mark. To this point a public road has been laid out. The question submitted for the consideration of the court is, whether a ferry can be established from the land of A to the land of B on the opposite shore, to terminate at low water mark, and on a public road running down to low water line; and this is to be determined by the right of the party to the land adjoining on a navigable river and lying between high and low water mark. This question appears to have been already decided in Uberworth *v.* The Lehigh and Schuylkill Navigation Company, in which Judge Huston, in reference to it, holds the following language; 'along all rivers, &c.,' and ending with 'it is better than that of any one else, but always subject to the superior right of the state.' If this be the law it establishes the right of the plaintiff to your verdict."

Error was assigned to this charge.

*Kingston* and *Forward,* for plaintiff in error.

*Fetterman* and *Foster,* for defendant in error, cited Chambers *v.* Fury, 1 *Yeates* 167 ; Cooper *v.* Smith, 9 *Serg. & Rawle* 31 ; 7 *Hazard's Reg.* 192 ; Shrunk *v.* Schuylkill Navigation Company, 14 *Serg. & Rawle* 80 ; 3 *Kent's Comm.* 427.

PER CURIAM.—The point in this case was decided in Cooper *v.* Smith, 9 *Serg. & Rawle* 31, where it was determined that the establishment of a ferry by law, gives the owner of it no right to land his passengers or boats on a public highway without the consent of the owner of the soil. The same principle was held in Chambers *v.*

Fury, 1 *Yeates* 167, where it was determined that the dedication of ground to purposes of public use as a road, gives no right to use it for purposes of landing or receiving freight.    Here the *locus in quo* was a *terminus* of a public highway on the margin of the river : and there was not even a public ferry to give colour to the *pretence of a right* to use the shore as a landing or wharf for the mooring of boats.    The franchise of the public was to pass over the soil, and no more.

Judgment affirmed.