| 78 | 177 |
|---|---|
| 151 | 41 |
| 78 | 177 |
| 204 | ᵇ611 |

## Phillips *versus* Dunkirk, Warren & Pittsburg Railroad Co.

1. A road was laid out over plaintiff's land, opened and used by the public. A railroad company appropriated the road and laid their track upon it, without an assessment of damages under the General Railroad Law. The company under the same law made a new road to supply its place, and the other road was abandoned without a formal vacation. *Held,* that the owner of the soil of the original road might recover it in ejectment.

2. The owner had not been divested of his right to the soil, only of the surface so far as was required for public convenience.

3. A corporation to construct a railroad, had no greater right to occupy land than an individual, except so far as the right is conferred by statute, and it would be responsible for damages for the occupation.

4. The authority in the General Railroad Law to a railroad company occupying a public road, to supply it by another road made at their expense, does not divest the right of the owner of the soil to damages for occupying the road by a railroad.

5. The right of eminent domain will not be presumed to exist in a corporation unless by express legislative grant. Such presumption does not arise from the General Railroad Law, February 19th 1849.

6. When a new road is made by a railroad company to supply the place of one occupied by the railroad, the old road is legally vacated, and the owner's right to the occupancy of the land is vested *eo instante.*

7. Philadelphia and Trenton Railroad Co.'s case, 6 Wharton 25 ; Snyder *v.* Penna. Railroad Co., 5 P. F. Smith 340, remarked on.

March 24th 1875. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Woodward, JJ.

Error to the Court of Common Pleas of *Warren county :* No. 284 to January Term 1874.

This was an action of ejectment, commenced August 17th 1872, by D. C. Phillips against the Dunkirk, Warren & Pittsburg Railroad Company, for a piece of land, about 52 perches in length and 25 feet in width, belonging to the plaintiff, and adjoining his other land, over which a public road, formerly a turnpike, had been laid and opened, and which was afterwards occupied by the defend-

28 P. F. Smith—12

[Phillips *v.* Dunkirk, Warren & Pittsburg Railroad Co.]

ants' railroad. After the appropriation of the road by the defendants for their railroad, the public no longer used the road, but the defendants, under the 13th sect. of General Railroad Law of February 19th 1849 (Pamph. L. 81, 2 Br. Purd. 1221, pl. 39), constructed another road in the place of the original road, which was then abandoned, without any formal vacation through the Court of Quarter Sessions. No proceedings had been had for the assessment of damages to the plaintiff.

On the trial, December 9th 1873, before Vincent, J., the foregoing facts appeared by the evidence.

The following were points of the plaintiff with their answers:—

3. The plaintiff being the owner of land bounded by a public road, which road had been abandoned by the public, another having been provided by the proper authorities, owned to the centre thereof, and ·had a right to extend his line to the centre of said road, and the entry of defendant and laying his railroad track upon that portion of the road belonging to plaintiff was wrongful, without authority of law, and a trespass.

4. The defendant has no right to the occupancy of that portion of said road belonging to plaintiff without paying him for the same, and the plaintiff is entitled to recover in this case.

These points were answered in the negative.

5. If the old road has been entirely and notoriously abandoned by the public authorities and the travelling public, and a new one constructed as a substitute sufficient for the accommodation of the travelling public, and universally adopted by them, the owner of the soil may resume possession and occupancy of the ground thus abandoned, and maintain his action as such owner for any invasion or interruption of his occupancy by any party or person without his permission.

Answer: Affirmed as a general proposition, but not as against the defendant in this case.

6. If the jury believe the old turnpike road through or along the west line of the plaintiff's land has been abandoned and disused, the plaintiff had the right to the occupation of the ground to the centre of the road, and if the defendant occupies any portion thereof the plaintiff has the right to recover unless the defendant has secured the right of way in the mode pointed out by law.

Answered in the negative.

7. There being no evidence that this road was ever laid out and opened by the public authorities, but was constructed and afterwards abandoned by the Warren and Ridgeway Turnpike Company, and adopted and continued in use by the travelling public, no formal vacation of it by the action of the court or public authorities, was necessary to authorize the owner of the soil to resume full possession, if the same had been abandoned as a public highway by the travelling public and the road commissioners. ·

[Phillips v. Dunkirk, Warren & Pittsburg Railroad Co.]

Answer: We think under the evidence before us we must presume that this road was laid out according to law, and must be so treated by us here. It must be vacated according to law as a public highway, to occupy any part of it, and as this has not been done, but as it is yet occupied as a highway, or, as we have explained in our general charge, we answer this in the negative.

The court charged also: * * *

" The defendants have actually constructed another road satisfactory to the township authorities in place of the part thus occupied by the railroad track. This road so supplied has never been formally vacated, but is practically and in fact abandoned as a township road, because of the impossibility of safely using it, and we treat it as vacated, in this suit. The plaintiff claims that having thus actually been vacated as a township road, his right of possession, as an adjoining owner, at once revived and extended to the centre of the old highway. This would be so, if the old road had been vacated for public use, but such is not the fact. [When it was abandoned for use as a township road it was only that it might be at once occupied as another public highway, that by law had a right so to occupy it upon complying with certain duties to the public, which it is conceded it has done. The plaintiff never recovered his right to occupy this road as against the public, or in other words, to reduce it to private possession, and not having the right of possession as against the defendant he can not recover in this case. We cannot think that the defendant was bound to provide the public with a new road at its own expense, and then pay adjoining landowners damages for the use of land the landowner had then no right to occupy, as against the public and their last easement, and which they had supplied by another equally passable.]"

The verdict was for the defendants.

The plaintiff sued out a writ of error.—He assigned for error the answers to his 3d, 4th, 5th, 6th and 7th points, and the parts of the charge in brackets.

*S. P. Johnson* for plaintiff in error.—Land dedicated for use as a public highway, gives no right to use it for other purposes, and the right to the soil continues in the owner of the land over which it is laid: Lewis v. Jones, 1 Barr 336; Chess v. Manown, 3 Watts 219; Chambers v. Fury, 1 Yeates 167. The owner of soil bounded by a highway owns to its centre: Union Burial Soc. v. Robinson, 5 Wharton 18; Paul v. Carver, 12 Harris 207; Cox v. Freedly, 9 Casey 124; Baker v. Chester Gas Co., 23 P. F. Smith 116. The owner of the land adjoining a highway is entitled to compensation when it is put to a different and more dangerous use: Springfield v. Connecticut Railroad Co., 4 Cushing 63; Williams v. Natural Bridge Pass. Ry., 21 Miss. 580; Williams v. New York

Central Railway, 16 N. Y. 97; Presbyterian Soc. *v.* Auburn & R. Railway, 3 Hill 567; Mifflin *v.* Railroad Co., 4 Harris 182; Ridge Turnpike *v.* Stoever, 6 W. & S. 378.

*R. Brown* for defendants in error, examined and discussed the cases cited by plaintiff in error, and also the General Railroad Law of 1849; he cited also Phila. and Trenton Railroad case, 6 Wharton.25.

Mr. Justice GORDON delivered the opinion of the court, May 10th 1875.

The land of the plaintiff was subservient only to the public right of way; of the right to the soil he was never divested, but only of the surface thereof, so far as was required for the public convenience. As soon as the common road was vacated, either by legal process or by abandonment, the right to such occupancy revested in the owner of the fee; Lewis *v.* Jones, 1 Barr 336; Chess *v.* Manown, 3 Watts 219; Chambers *v.* Fury, 1 Yeates 167.

It is certain then, that a private individual would have had no right without the consent of the owner, to have occupied the land in controversy, by permanent fixtures for his own use, even before the vacation of the highway. But this corporation, defendant, had no better right in the premises than a private person, unless such right was conferred upon it by some legislative enactment. "If it possesses the right claimed, it must be found in the power specifically granted, or must result as a necessary implication from the express grant, and if it can neither be found in, nor implied from, the terms of the grant, it does not exist:" Plymouth Railroad Co. *v.* Colwell, 3 Wright 340, per Woodward, J.

Without such grant, though the company might have the right of occupancy, yet it would be responsible for consequential damages resulting from an extraordinary use thereof. As where land had been appropriated by a turnpike company and damages paid, and by an act of the legislature the turnpike company was authorized to sell to a railroad company, and the latter to lay rails upon the road-bed of the former; held, that the owners of the land were entitled to recover the damages consequent upon the construction of the railroad; Mifflin *v.* Railroad Company, 4 Harris 182.

Such being the rule of law, whence did the defendant derive its right to appropriate the land in question?

The learned court below held, that this right was derived from the 13th section of the Act of 1849. That by supplying the common road, under the provisions of that act, it became entitled to the use of the land formerly occupied by the public, and hence owed no duty to the owner by way of compensation. We think this construction not warranted by the terms of the statute.

The right of eminent domain is a very high and arbitrary one,

[Phillips *v.* Dunkirk, Warren & Pittsburg Railroad Co.]

and arises only *ex necessitate rei*, and will not be presumed to exist in a corporation, unless by express legislative grant. But such presumption does not arise from the Act of 1849.

That act provides only for the supplying of the public with an easement in substitution of that occupied by the railroad. It deals solely with the public rights. Without this provision such occupancy of the highway could not be had. The force of the act is exhausted in putting the company in the same position as though there had been no previous public claim to the land. The insurmountable obstacle of the dominant franchise is thus removed and the company is permitted to deal with the owner of the land as in ordinary cases.

The public rights were first to be provided for by supplying a new road; when that was done the old one was legally vacated, and the owner's right to the occupancy of his land vested *eo instante*. That he might maintain ejectment against an intruder, whether a corporation or an individual, results as a necessary sequence of the above stated principles.

Our attention has been called to the cases of the Philadelphia and Trenton Railroad Company, 6 Whart. 25, and Snyder *v.* The Pennsylvania Railroad Company, 5 P. F. Smith 340. But we need hardly say these are not in point. They but decide that the Commonwealth may grant to a railroad company the right to use a street or road, and that, under such grant, it cannot be made liable for consequential damages resulting to adjacent property holders from such use.

The defendant, in the case under consideration, has failed to exhibit the grant necessary to bring it within the principles contained in the above stated cases, and hence has failed in the attempted analogy.

Judgment reversed and a *venire facias de novo* awarded.