## Shapera *v.* Allegheny County, Appellant.

474

Argued October 3, 1941; reargued March 23, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Nathaniel K. Beck,* Assistant County Solicitor, with him *Walter P. Smart,* County Solicitor, for appellant.

*Frank W. Ittel,* with him *Harry Shapera,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 24, 1941:

By proceedings in the court of quarter sessions, pursuant to the provisions of the General County Law* of May 2, 1929, P. L. 1278, the county commissioners of

Allegheny County took over and have improved, as a county road, an existing township road, known as "Elwyn Road". As part of the improvements, the county has relocated certain portions of the former township road, including a wide curve on the inside of which abuts a tract of land owned by Harry Shapera, appellee. The curve has been eliminated and that segment of the highway, 3,100 feet in length, has been straightened and relocated to run along the base-line of the former curve, a substantial distance from appellee's property line. On appeal from the board of viewers, appointed to award damages and assess benefits occasioned by reason of the improvements, the trial judge, sitting without a jury by stipulation of counsel, awarded appellee damages totaling $4,882 on the basis that the quarter sessions proceedings effected a vacation of the relocated segment of the old road, which reverted to the abutting owners, leaving this property landlocked and without access on a public highway. Exceptions filed by the county to the findings and conclusions of the trial judge were dismissed by the court en banc and judgment was directed to be entered in favor of the appellee in the amount of the award. Judgment having been so entered against it, the county has taken this appeal.

The highways of the commonwealth, apart from those owned privately, such as turnpikes, are the property of the state; consequently, it may, within constitutional limitations, set up any agency it sees fit to improve, maintain, repair, administer and control them. See: *Greene County v. Center Township*, 305 Pa. 79, 86; *Westmoreland Chemical & C. Co. v. Public Service Commission*, 294 Pa. 451, 456; *Garr v. Fuls*, 286 Pa. 137, 145. Section 871 of the General County Law expressly empowers county commissioners to "take possession of and exercise control over any existing township road or highway, or part thereof", upon approval by a grand jury and by the court of quarter sessions, and provides further that "they may straighten, widen, extend and alter

any such road or part thereof, and *vacate so much thereof as may become unnecessary and useless*" and that "any road or highway so taken over or improved shall thereupon become a county road." The same Act, in section 875, provides that the county commissioners may levy, assess and collect an annual tax for the purpose of acquiring and securing a fund from which to pay costs, damages and expenses occasioned by, inter alia, "vacating of the roads and highways or parts thereof covered by the provisions of" section 871. And, in section 920, it is provided that "whenever by reason of the relocating, opening, widening, straightening or extending of any road or highway, or any part thereof, any part of the road or highway so relocated, opened, extended, straightened or widened shall become useless and vacated, and the property of one owner shall intervene between the new road or highway and the lands of another having no other outlet, by reason of said relocation, opening, extending, straightening and widening, it shall be the duty of the said county commissioners to obtain from the owner of said intervening property, and the owner of the said contiguous or adjoining land, an agreement for the transfer thereof from one to the other upon terms satisfactory to such parties" and that "if the parties shall not agree to the transfer of the properties so intervening upon the new road, and any such lot or piece of land, in the opinion of said county commissioners, be insufficient for building purposes, it shall be taken and used as part of said road or highway." From these provisions it is clear that it was within the power of the county commissioners, by proper proceedings in the court of quarter sessions, to vacate, absolutely, so much of the old township road as should be determined to be "useless and unnecessary", causing a reverter thereof to the abutting owners, eo instante, by operation of law. See: *Pittsburgh v. Weinman*, 286 Pa. 587, 591; *Phillips v. Dunkirk, Warren & Pittsburgh R. R. Co.*, 78 Pa. 177, 181; Act of February 27, 1849, P. L. 90.

Section 931 of the Act of 1929, which provides that "upon petition of the county commissioners, the court of quarter sessions may vacate *as a county road* any portion or portions of . . . any road the permanent location or improvement whereof has been ordered or made under this or former acts relating to county roads" and that "all portions of such roads so vacated shall become and be township roads", imposes no limitation upon the powers given the county commissioners by section 871, subject, of course, to approval by the grand jury and court of quarter sessions, to vacate, absolutely, so much of the old road "as may become unnecessary and useless." Its purpose is solely to provide a procedure whereby county roads may be "vacated" *as such* to the local authorities, should changed circumstances render such action advisable. Section 916 provides that, in proceedings taken under section 871, "the vacation of any road set forth in said proceedings . . . shall become absolute immediately upon approval of the application"; hence, segments of township roads vacated as "unnecessary and useless" in such proceedings do not become part of the county road, but revert by virtue of the same proceedings whereby control of the remainder of the township road is vested in the county, and could not, therefore, be vacated "as a county road." Concluding, then, that it was within the power of the county commissioners, by proper proceedings, to vacate absolutely the portion of the old road upon which appellee's property abuts, if they deemed it no longer necessary for public travel and use, the question remains whether the proceedings in the present case sufficiently indicated a purpose to do so to have such legal effect.

Since, as already indicated, public highways are within the control of the commonwealth and counties and townships do not have any common-law power to build or improve roads, it is well settled that the statutory directions for their creation and abolishment must be strictly complied with. See *Luzerne Township v.*

*Fayette County,* 330 Pa. 247, 249; *Breisch v. Locust M. Coal Co.,* 267 Pa. 546, 551. Section 916 of the Act of 1929 provides that "when the county commissioners shall resolve to exercise any of the powers conferred by any of the preceding sections . . . they shall cause to be prepared surveys and plans of such road or highways, or such public highway . . . *showing* the improvement proposed to be made, together with *any proposed changes in existing public roads,* or highways, and they shall present such surveys and plans, together with their petition, on behalf of such county to the court of quarter sessions praying for authority to make *such* improvement." This section, which prescribes the procedure to be followed by the commissioners, clearly contemplates that the proceedings must designate, with reasonable certainty, the portions of the existing highway, if any, to be vacated as "unnecessary and useless"; otherwise it would be impossible to tell from the record what segments have ceased to be part of the public highway system as a result of the proceedings.

While the petition, following the words of the statute, sets forth that the county commissioners have resolved to vacate certain portions of the old road "rendered unnecessary or useless thereby", and refers to attached plans and surveys as showing, among other things, "the roads or parts thereof rendered unnecessary or useless thereby which are to be vacated", the petition does not describe by metes and bounds, or otherwise, any portion to be vacated, and the plans submitted likewise omit to make any designation as to what segments of the township road, if any, were to be vacated and what were to remain. Under such circumstances, the mere recital in the final decree of the court of quarter sessions, simply approving the application of the county commissioners, of the usual statutory words permitting the vacation of so much of the old road "as may become useless and unnecessary", clearly furnishes no basis for assuming that the court and grand jury have exercised the discre-

tion which the legislature manifestly intended should be vested in them in finally determining the expediency of vacating or not vacating any part of the existing highway. See *Middletown Road,* 15 Pa. Superior Ct. 167, 176-77. If, as appellee asserts, it was the purpose and intent of the commissioners to vacate all portions of the township road except such as were included within the lines of the new highway, it would have been a simple matter for them to have so stated in their petition or to have given some indication of such intention upon the attached plan of the proposed changes and improvements, failing to do which there has been no vacation of any portion of the old road in the manner provided by law.

In the absence of some designation in the quarter sessions proceedings establishing as a matter of record an approved purpose to vacate the segment of the former township road upon which appellee's property abuts, as required by the Act, it follows that there has never been a legally effective vacation thereof to the abutting property owners; consequently, appellee's property continues to abut upon a public highway, with the same access as formerly, and the award in his favor on the basis of a deprivation of access to a public highway was improper.

Judgment reversed.

SUPPLEMENTAL OPINION BY MR. JUSTICE PATTERSON, April 13, 1942:

In the opinion heretofore filed in this case, on November 24, 1941, we rejected the contention of the county that under the relevant provisions of the General County Law of 1929 it was beyond the power of the county commissioners to vacate, absolutely, the segment of the former township road on which appellee's property abutted, but held that the quarter sessions proceedings did not have such legal effect, in the absence of some designation therein as to what segments of the township road, if any, were to be vacated and what were to re-

main, as required by the statute. In so doing, we relied largely upon the assertion on behalf of the county that "the proceedings in the court of quarter sessions did not set out . . . any portion of road as vacated", which assertion was not challenged by counsel for appellee or in any way refuted by the record of the case as presented to us at that time. Accordingly, we concluded that appellee's property continues to abut upon a public highway, as formerly, and that the award in his favor, on the theory of a deprivation of access, was improper.

Considering the requirement that the proceedings in the quarter sessions must designate, with reasonable certainty, the portions of the existing highway, if any, which are to be vacated as "unnecessary and useless", in order that when the final decree is made the record shall show what segments have ceased to be part of the public highway, we stated in the earlier opinion that "if it was the purpose and intent of the commissioners to vacate all portions of the township road except such as were included within the lines of the new highway", as appellee urged, "it would have been a simple matter for them to have so stated in their petition or to have given some indication of such intention upon the attached plan of the proposed changes and improvements." It now appears, upon a re-argument of the case granted at the instance of counsel for appellee, that the commissioners did so explicitly state in their initial resolution, pursuant to which the quarter sessions proceedings were instituted, and that a literal copy of such resolution was physically attached to the petition presented to the court, together with the plans and surveys for the proposed improvement, and made a part thereof. In section 8 of the resolution, which was not included as part of the record before us at the original argument and was not referred to by the court below or counsel for either side, it is specifically provided, under the heading "Vacation of Portions of Old Road", as follows: "The portions of the old road not included within the lines of the road . . .

as shown on the plans adopted and copies of which are attached hereto, are hereby vacated, the same having been rendered unnecessary and useless by the change of location of said road." Under these circumstances, we will vacate the order previously entered, reversing the judgment of the court below, and will reinstate and affirm the judgment entered on the award in appellee's favor.

Order previously entered, reversing judgment in favor of appellee, is hereby vacated and judgment entered on award in favor of appellee is reinstated and affirmed.