## Marchand et al. v. Marchand Ferry Company

*A. E. Jones, Jr.,* for plaintiffs.
*Higbee, Lewellyn & Higbee,* for defendant.

CARR, J., February 17, 1944.—This is a petition to open a judgment in ejectment entered by confession on a lease for a strip of land on a navigable river embracing the terminus of a public highway. The premises in suit were leased by plaintiffs to defendant for use as a landing place for a public ferry. Admitting default

in the payment of rent, defendant claims the right in common with the rest of the public to land boats at the terminus of the highway without consent of the owner of the soil. After hearing on a rule to show cause why the judgment should not be opened, we make the following

### Findings of fact

1. Plaintiffs, Samuel V. Marchand, Carrie M. Marchand, and Gertrude E. Sickels, heirs at law of Lucius A. Marchand, are the owners in fee of land on the Monongahela River adjoining the unincorporated village of Newell in Jefferson Township, Fayette County, Pa., over which land a public road runs to the river's edge, terminating at a concrete landing block between high and low water marks.

2. Said road, 33 feet in width, was originally laid out over said land in 1827 as a township road by appropriate proceedings in the Court of Quarter Sessions of Fayette County (road docket 2, p. 81), and was subsequently adopted by the Commonwealth as a State highway under the provisions of the Act of June 22, 1931, P. L. 594, being a part of legislative route 26,012, described as "Beginning at the village of Newell on the Monongahela River and extending . . . to Star Junction in Fayette County . . ." Of the total width of the road, 16 feet have been improved with a hard blacktop surface.

3. By the terms of a written agreement dated March 29, 1936, plaintiffs leased to defendant, Marchand Ferry Company, a corporation, out of the lands mentioned in our first finding, "All that certain strip of land situate at Newell in Jefferson Township, Fayette County, Pa., on the Fayette County side of the Monongahela River, extending a distance of 50 feet in each direction (a total frontage of 100 feet) from the center of the landing of the lessee, as now located, and used by the said lessee at its ferry between Coal Center, in Washington County, and the town of Newell, Fayette

County, for the term of two years, beginning April 1, 1936, and terminating March 31, 1938; to be used as a landing in the operation of the said ferry and the maintenance thereon of such appliances and appurtenances as are necessary for the operation of the said ferry." The agreed rental was $360 a year, payable quarterly beginning April 1, 1936. It was stipulated that, if the lessee should hold over, then the lease was to continue in full force for another year, and so on from year to year until legal notice was given for removal. The concrete landing block, pulley, and appliances maintained and used by defendant were all constructed by it within the lines of the 33-foot highway referred to in our first and second findings.

4. Defendant entered into possession of said strip of land under the terms of said lease and has continued therein to the present time. Default has been made in the payment of the rent due on April 1, 1938, and of each subsequent instalment thereof, all of which remain due and unpaid. On April 12, 1938, defendant notified plaintiffs that it would not pay any more rent.

5. On December 9, 1938, plaintiffs, by virtue of a warrant of attorney contained in the lease, entered at December term, 1938, no. 41, an amicable action in ejectment against defendant and caused judgment to be confessed therein for the premises described in the lease, and for rent due on April 1, 1938, July 1, 1938, and October 1, 1938, amounting to $270, together with an attorney's commission of $13.50.

6. Defendant has maintained and operated said ferry continuously since 1879, during all of which time it has held and used said landing place under a succession of leases from plaintiffs and their ancestral predecessors in title, by whom the ferry was first established about 1810.

### Discussion

Though the ancient records of the original laying out of the road over plaintiffs' lands seem to show its loca-

tion parallel with and some distance from the river, we assume for the purpose of this decision that it has been extended by dedication, prescription, or user to the river's edge, since in our view of the case it is immaterial whether or not the landing place in question is a public highway. It has long been settled that by the laying out of a road as a public highway the public acquires only a right of way and its incidents, and that riparian rights are unaffected. The use of the highway for the purpose of landing boats and of receiving and discharging freight and passengers is an additional servitude for which compensation would have to be made either by the public authorities or by the holder of the ferry franchise. Accordingly, until such use has been lawfully expropriated, the right of landing anywhere on their soil on the banks of the river, including the terminus of the highway, belongs exclusively to plaintiffs as owners of the freehold: Chess v. Manown, 3 Watts 219. See also Chambers v. Furry et al., 1 Yeates 167; Cooper et al. v. Smith, 9 S. & R. 26; Pittsburgh & Lake Erie R. R. Co. v. Jones et ux., 111 Pa. 204; Hower v. Garrett, 18 Dist. R. 847. In Cooper v. Smith, supra, the law was clearly stated thus (p. 33) :

"There are few ferries whose landing place is not a public highway; ferries would become a property in common, subject to continual strife, and where the strongest must ever prevail. The common law to prevent this confusion, assigns the exclusive right of all property capable of being so enjoyed, to some determinate owner. It has assigned to the owner of the soil, the right of landing on his own soil, on the banks of all navigable rivers."

### Conclusions of law

1. Defendant is not entitled to land its ferry on the soil of plaintiffs, either on the highway or elsewhere, without their consent.

2. Plaintiffs are entitled to have the rule discharged.

## Order

And now, February 17, 1944, upon and after consideration of the foregoing case, the rule heretofore issued to show cause why the judgment of ejectment entered on December 9, 1938, should not be opened and the defendant permitted to defend said action is discharged at its cost, this order to become final and be so entered unless exceptions hereto are filed within 10 days.