[File No. 7302]

THE CITY OF GRAND FORKS, North Dakota, a Municipal Corporation, Respondent, v. CHRIS C. FLOM, Martha Flom, Myrtle O. Hargrave, H. E. Walter, also known as Harry E. Walter, Ada Walter, Florence Ridgway, J. Clifton Mathews, Annie J. Mathews, Gust E. Hagert, Bertha S. Hagert and Guri Sand, Appellants.

(56 NW2d 324)

Opinion filed December 19, 1952

*Harold D. Shaft,* City Attorney for respondent.
*Daniel S. Letness,* for appellants.

SATHRE, J. This is an action brought by the City of Grand Forks against the defendants for the purpose of obtaining a judicial declaration of the status of Linden Street situated between blocks 4 and 5, and the alley in block 5 in Lincoln Park View Second Addition, Subdivision of part of Section 10, Township 151, Range 50 in Grand Forks County, North Dakota, and declaring the rights and status of all interested parties with reference to said Linden Street and alley.

There are two groups of defendants. The parties in one group own lots in block 5 in said Lincoln View Second Addition, and while they are nominally defendants they are in fact plaintiffs since the relief demanded in their answer is identical with the relief demanded in the complaint of the plaintiff.

The other group of defendants may be termed the real defendants. They are owners of lots in block 4 of said Lincoln Park View Addition. They deny the claims of the plaintiff and the other group of defendants. For the purpose of this opinion the Plaintiff, City of Grand Forks, and the first group of defendants will be referred to as plaintiffs and the second group of defendants as the defendants.

The complaint alleges that a street 60 feet wide known as Linden Street, between blocks 4 and 5 and the alley running through block 5 in said Lincoln Park View Addition are open to the public use in accordance with a dedication to the public and a plat thereof on file in the office of the Register of Deeds, made in May 1916 by Martha Mae Montgomery. The answer of the defendants admits the dedication and filing of the Montgomery plat but alleges that in 1934 proceedings were had vacating the alley running through said block 5, and reducing the width of said Linden Street from 60 feet to 20 feet.

The undisputed facts are as follows: In May 1916, one Martha Mae Montgomery platted a certain Addition described as Lincoln Park View, Second Addition, Subdivision of part of section 10, township 151, range 50 Grand Forks County, North Dakota, of which she was the owner. The plat was recorded in the office of register of deeds of Grand Forks County, North Dakota in book 65 of deeds, page 567, and in book E of plats, page 16. Said plat declared:

"I hereby dedicate to the public use forever all streets, avenues and alleys, and all part of streets, avenues and alleys shown thereon." There is shown on said plat an alley 20 feet wide running north and south through block 5 from 13th avenue south to 15th avenue south. There is also shown on said plat, a street known as Linden Street or Linden Court, 60 feet wide between blocks 4 and 5 in said Lincoln Park View Addition extending due south from a point north of 13th avenue south to 14th avenue (now 15th avenue) south in said addition. Lots 1 to 8 in said block 4 are shown to be 149 feet deep east and west. At the time of the filing of the Montgomery plat none of the property south of 13th avenue south was within the city limits of the city of Grand Forks.

In August 1928 the city limits of the city of Grand Forks were extended to include all that tract lying east of the westerly line of said Linden Street, and north of a line parallel to and 466 feet south of the north line of 13th avenue south (said line being identical with the south line of lot 8, block 4) as shown in the Montgomery plat. All of block 5 and lots 9 to 16 inclusive in block 4 remained outside of the city limits of the city of Grand Forks. The resolution of the city commission extending the city limits was filed on November 23rd, 1929 and the revised city limits were shown in the plat recorded in book B of plats on page 1.

In 1934 owners of lots in said blocks 4 and 5 involved in this action petitioned the county commissioners of Grand Forks county to vacate the 20 foot alley in block 5 and to reduce the width of Linden street to 20 feet, by vacating 20 feet on each side thereof. On November 13th, 1934 said board of county commissioners passed a resolution approving said petition and

directing the county auditor to file said petition and a copy of the resolution of record in Grand Forks county. Said petition and resolution were filed and recorded in the office of the register of deeds in Grand Forks county, July 31, 1941.

The petition for vacating said alley in block 5 and reducing the width of said Linden Street was not acknowledged or proved by the petitioners executing the same, and it also included lots, 1 to 8 in block 4 and that part of Linden Street abutting said lots which previously had been incorporated into the city limits of the city of Grand Forks.

In May 1935 one S. B. E. Seese owner of lots 9 to 24 both inclusive in said block 5 filed in the office of the register of deeds of Grand Forks county a plat designated as "Rearrangement of all of lots 9 to 24 both inclusive, of block 5 in said Lincoln Park View Second Addition," which said plat was recorded in book 97 of deeds at page 202. The said Seese plat shows Linden Street to be twenty feet wide and eliminated the 20 foot alley through block 5 shown in the Montgomery plat of dedication, but shows a 10 foot alley running east and west through block 5. After the filing of the Seese plat all of the remaining property adjacent to or abutting on said Linden Street and the alleys shown in both Montgomery plat and the Seese plat were incorporated into the city limits of the city of Grand Forks.

Prior to the filing of the said Seese plat several parties had purchased property in block 4 and also in block 5 north of the Seese property, and various persons had built dwellings and outbuildings upon the property purchased in reliance upon the prior Montgomery plat, showing the said alley to be open through said block 5 to a width of 20 feet and showing Linden Street to be open to a width of 60 feet from 13th avenue south to 14th avenue south (now 15th avenue south), and none of said persons joined in or consented to the said Seese plat.

The electric power to all residences in block 4 is carried on poles set near the west line of block 4 at or near the edge of the lots in said block as originally platted in Montgomery plat. The lots in said block 4 have at all times been assessed and taxed on the basis of their size as shown in the Montgomery plat and no

addition to the assessed value thereof was made because of the attempt to reduce the width of said Linden Street.

The contesting defendants own lots in block 4. They have planted and maintained lawns, shrubs, and gardens and constructed fences on the rear of their lots. These improvements extend several feet into the 60 foot width of the said Linden Street. The 20 foot alley running north and south through block 5 has been used by garbage trucks and refuse collectors. A garage is located partly on the south end of said alley.

The case was tried to the court without a jury. Judgment was rendered in favor of the plaintiff to the effect that no valid proceedings had been had to reduce the width of Linden Street (now Linden Court) or for vacating the alley in block 5; and that the plaintiff and the public had a perpetual easement in said alley and street for alley and street purposes to the full width thereof as shown by the Montgomery plat.

The defendants appealed from the judgment and demand a trial de novo. In their brief they contend they are entitled to a reversal of the judgment on three grounds:

First, there is no evidence of acceptance by the public of the Montgomery Dedication.

Second, the proceedings had for reducing the width of Linden Street and vacating the alley in block 5 were in substantial compliance with the applicable statutes, and

Third, that under the principle of estoppel the plaintiff city of Grand Forks is barred from asserting the existence of Linden Street and the alley running through block 5 under the Montgomery Dedication.

With reference to the first specification appellants argue that even though Martha Mae Montgomery dedicated to the public use forever all streets, avenues and alleys described in the plat there is no evidence in the record to prove that the dedication was complete or that there was an acceptance by the public of such dedication. In support of this proposition is cited the case of Hille v. Nill, 58 ND 536, 226 NW 635. The facts under consideration in that case differ materially from the facts in the case at bar. In that case no streets or alleys were ever opened or improved in any manner. In the case at bar it is admitted that

the center of Linden Street has been graded to a width of from 27 to 30 feet and that it is being maintained by the city of Grand Forks.

"An acceptance will generally be presumed where the use of the dedicated property is shown to be beneficial; and if the dedication is very beneficial or necessary to the public, acceptance will be implied from very slight circumstances. Acceptance of an offer to dedicate may be also presumed from the fact that all of the steps prescribed by statutory provisions governing dedication have been taken by the owner, and this presumption is strengthened by the fact that steps permitting revocation of the offer of dedication have not been subsequently taken. An acceptance of dedicated property may be presumed from action of public authorities in assigning of hands to the maintenance and repair of such property." 26 CJS Dedication Sec. 45, page 117.

The subject of dedication and acceptance was before the supreme court of California in the case of Sacramento County v. Lauszus et al, 161 Pac2d 460, 70 Cal App2d 639. In that case the court discussed the distinction between an offer to dedicate and a complete dedication. We quote from the opinion:

"It may be conceded, as contended by appellants, that as a general principle of law a mere offer to dedicate land to public purposes does not become effective until same has been accepted. (Numerous Citations)

However, it is said in 9 Cal Jur page 53, Sec. 41, that 'An important distinction is to be observed between a complete dedication and a mere offer to dedicate. In the case of a complete dedication no acceptance is required, it being presumed from the benefits arising from the dedication.' "

In the case of Archer v. Salinas City, 93 Cal 43, 28 Pac 839, 16 LRA 145, the court said: "It (dedication) results from the acts of the owner of the land, coupled with the intent with which he does those acts. It may be express and completed by a single act, as when the land is dedicated by deed; or it may be implied from a series of acts, as when the owner subdivides a tract of land into blocks and streets, and causes a map of such subdivi-

sion to be recorded and sells the several subdivisions which front upon those streets."

The Montgomery Dedication is complete and absolute in its terms. It declares:

"I hereby dedicate to the public use forever all streets, avenues and alleys shown thereon."

The plat which contained the dedication was filed in the office of the register of deeds of Grand Forks County as required by law, and it does not appear that any action was ever taken by the dedicator to revoke the dedication. Furthermore if any affirmative action of acceptance were required, such action was in fact taken by the city in grading and maintaining the street and keeping it open for public use.

It is also admitted on the record that in 1946 Arthur Hegness and wife brought action in district court against Harry D. Wood and others to quiet title to the alley in block 5, and the west 20 feet of said Linden Street, adjoining lot 5 of block 5 in said Lincoln Park View Addition. The city of Grand Forks contested the action, and the trial court quieted title in the city. The action of the city of Grand Forks in contesting said action and obtaining judgment would indicate that it had not abandoned the street and alley involved, but considered them open to public use in accordance with the Montgomery Dedication. We are satisfied that upon the record the Montgomery Dedication was complete and that there was sufficient acceptance thereof by the public.

Under the second specification appellants contend that the proceedings had for vacating the alley through block 5 and reducing the width of Linden Street constituted substantial compliance with Sections 3962 and 3963 Compiled Laws of North Dakota for 1913 which read as follows:

Section 3962. "Any plat of any town, village or city or addition thereto or any subdivision of land may be vacated by the proprietors thereof at any time before the sale of any lots therein by written instrument declaring the same to be vacated, duly executed, acknowledged or proved and recorded in the same office with the plat to be vacated; and the executing and recording of such writing shall operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public

rights in the streets, alleys, commons and public grounds laid out as described in such plat, . . .

Section 3963. Any part of a plat may be vacated under the provisions and subject to the conditions of this article; provided, such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat; and provided, further, that nothing contained in this section shall authorize the closing or obstructing of any public highways laid out according to law."

The statutes quoted apply to towns, villages and cities and make no reference to any action by county commissioners. It is admitted that the petition involved here was neither acknowledged nor proved. It included property within the corporate limits of the city of Grand Forks. It was presented to the board of county commissioners, which had no authority to act thereon. In fact the petition and proceedings thereunder did not comply with the provisions of the statutes quoted in any respect.

The general rule is that the rights of the public to highways can be divested only by some method authorized by law and by a full and substantial compliance therewith.

In the case of Ramstad v. Carr, 31 ND 504, 154 NW 195, LRA 1916B, 1160, this court said:

"The statutes of this state fix not only the method in which a dedication may be effected by the filing of a plat; but they also prescribe the manner in, and conditions under, which the plat may be vacated and the dedication revoked. Compl. Laws, Secs. 3959–3966. See also Lamoure v. Lasell, 26 ND 638, 145 NW 577.

As the dedication was made by the statutory method of filing a plat, and the sale of lots by the owner with reference thereto, it could be withdrawn only by a vacation of the plat under the statute. Kimball v. Chicago, 253 Ill 105, 97 NE 257, 259. See also McQuillin, Mun. Corp. Secs. 1562 and 1592; and Burroughs v. Cherokee, 134 Iowa 429, 109 NW 876. In the case at bar the owners had made no attempt to withdraw the dedication by vacating the plat,—or in any other manner. The offer to dedicate remained in full force at the time of acceptance thereof by the municipal officers."

In the case of Shapera v. Allegheny County, 344 Pa 473, 25 A2d 566, The Supreme Court of Pennsylvania said:

"Since, as already indicated, public highways are within the control of the commonwealth and counties and townships do not have any common-law power to build or improve roads, it is well settled that the statutory directions for their creation and abolishment must be strictly complied with."

It is clear that the petition and the proceedings had thereunder for vacating said alley in block 5 and reducing the width of Linden Street did not comply with the requirements of section 3962 supra and must be therefore held to be void.

Some reference is made to the plat prepared and filed by S. B. E. Seese by which he rearranged lots 9 to 24 which he owned in block 5. This plat shows Linden Street 20 feet wide and the alley in block 5 eliminated. This plat appears to be made under the provisions of section 40–5027 and on the assumption that the attempted vacation proceedings by the county commissioners were valid. It is admitted that none of the persons owning lots adjoining Linden Street, other than Seese, joined in or consented to the plat as required by section 3963 Compiled Laws of North Dakota for 1913, (now section 40–5024 NDRC 1943.) However, since the vacation proceedings were void the Seese plat was wholly ineffective for the purpose of vacating the alley or reducing the width of the street involved.

Finally appellants contend that the principle of estoppel applies to the cause of action of the plaintiff city of Grand Forks upon the following grounds:

1. No proof of dedication as a highway to public use of Linden Court or the alley in Block 5 prior to petition for vacation of Nov. 13, 1934.

2. Long and continuous use and occupancy of the east 20 feet of Linden Court on the part of the owners of all the lots in Block 4 in reliance on the vacation proceedings of November 13, 1934.

3. The apparent payment of taxes on the part of all the owners of the lots in Block 4 and the added 20 feet vacated from Linden Court for at least 10 years prior to the commencement of this action.

4. Petition for vacation of November 13, 1934, being signed

by all the owners of all of the lots in Blocks 4 and 5, and the subsequent filing of such Petition or declaration of vacation more than 10 years prior to the commencement of this action.

5. The planting of valuable flowers, shrubbery, and trees, and the construction of permanent fences by some of the owners in Block 4 along or near the west line of the 20 feet of Linden Court which was properly vacated in reliance on such vacation proceedings.

6. No prior action on the part of the City or any municipal body or official requesting the owners of all the lots in Block 4 to move their garbage cans, shrubbery, trees, flowers or fences or improvements.

7. The location of permanent power and light and telephone poles on the 20 feet of Linden Court which it is contended was properly vacated.

8. The failure on the part of the City or any municipal body to open Linden Court to the width of 60 feet which is claimed.

9. The apparent granting of a building permit on the part of the City of Grand Forks to construct a garage on part of the alley in Block 5 (Montgomery Plat.)

Grounds 1, 2 and 4 are based on the alleged vacation proceedings of November 13, 1934, but are without merit since we have held that said proceedings were void. No. 3 is without merit. It is established by the record that the lots in blocks 4 and 5 were assessed and taxed upon their dimensions as shown by the Montgomery Dedication and no additional taxes were ever assessed and levied on the 20 foot strips on each side of Linden Street.

The remaining grounds are based upon the contention that the plaintiff city has never taken any affirmative action to assume jurisdiction and dominion over the street and alley in question. As we have pointed out elsewhere in this opinion the city of Grand Forks improved and graded the street and is maintaining it and it is used by the public for street purposes. In the case of McCoy v. Thompson, 84 Ore 141, 164 Pac 589, it was held:

"That neither a formal acceptance by the county nor the immediate opening and improvement of a street are essential to complete an irrevocable dedication."

And in McQuillin. Mun. Corp. 3rd Ed. Vol. 11, page 698, Dedication, section 33.47, the rule as to acceptance is stated as follows.:

"Acceptance may be express or implied. It need not be by formal act, unless otherwise provided by statute or character. It may arise: (1) by express act; (2) by implication from the acts of municipal officers; and (3) by implication from user by the public for the purposes for which the property was dedicated. The acceptance may be by the legislature, officers of the municipality, or, according to the prevailing view, by the public at large. It may be shown in many ways by any act with respect to the property claimed to be dedicated that clearly indicates an intent on the part of the public to treat the dedication as acceptable by it, for example, assumption of jurisdiction and dominion over it by the public authorities. There need be but little affirmative action to indicate an intention to accept a dedication. So there need not be any affirmative action on the part of the municipal authorities.

To constitute an acceptance the property dedicated need not be in the actual use or occupation of the public."

And in the case of Ramstad v. Carr, 31 ND 504, 154 NW 195, LRA1916B 1160, we said:

"As an acceptance may be accomplished either by a formal acceptance, or may be implied from any acts on the part of the municipality with respect to the property dedicated that clearly indicate an assumption of jurisdiction and dominion over it; so a rejection of the dedication may be manifested either by a formal rejection on the part of the municipality, or may be implied from acts on the part of the municipality which clearly indicate an intention to reject the property dedicated. That is, the conduct of the muncipality may be such that a change of its position would cause such injustice to private persons who had relied upon such conduct as to warrant the courts in applying the doctrine of equitable estoppel in pais against the municipality and the public, to prevent manifest injustice and wrong to those who relied upon and were misled by the conduct of the municipality and the public; but to create such estoppel something more must be shown than a mere failure on the part

300

of the municipality to formally accept and use the property for its intended purpose, before the growth or expansion of the municipality has made it necessary or desirable to apply the property to the purpose for which it was dedicated."

We are satisfied that it is sufficiently established by the evidence that the plaintiff city of Grand Forks has taken affirmative action for the purpose of maintaining the street and alley in question for public use, and that the judgment of the trial court is fully sustained by the record.

The judgment is affirmed.

MORRIS, C. J. and CHRISTIANSON, GRIMSON and BURKE, JJ. concur.