Lillian Snyder, Appellant, *v.* Commonwealth of Pennsylvania, Department of Highways and **Jack** Weiss, Appellees.

Argued April 4, 1975, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*Leon W. Silverman,* for appellant.

*Alan K. Silberstein,* for appellee, Commonwealth.

*Richard D. Solo,* for appellee, Weiss.

OPINION BY JUDGE KRAMER, May 1, 1975:

This is an appeal by Lillian Snyder (Snyder), from an order of the Court of Common Pleas of Philadelphia County, dated December 12, 1973, which entered a judgment in favor of Jack Weiss (Weiss) for damages result-

ing from a condemnation of Snyder's property by the Pennsylvania Department of Transportation (PennDOT).

On July 15, 1970, PennDOT condemned the premises located at 104 North Delaware Avenue, Philadelphia. Snyder was the owner of the condemned premises, and Weiss was a tenant at the time of the condemnation. PennDOT appraised the machinery and equipment on the condemned premises at $11,915.00, but both Weiss and Snyder claimed payment should be made to them. After Weiss had applied for payment and failed to obtain it, he filed, on February 25, 1972, a petition to compel payment of estimated just compensation pursuant to section 407(b) of the Eminent Domain Code (Code), Act of June 22, 1964, Sp. Sess. P.L. 84, *as amended,* 26 P.S. §1-407(b) (Supp. 1974-1975). On March 3, 1972, Snyder filed a petition to intervene, denying the allegations of Weiss' petition, and asserting that she was the owner of the subject machinery and equipment. Snyder did not, however, contend that the matter should be remanded to the board of view. On the contrary, Snyder attached to her petition a suggested order, asking the court, after hearing, to award estimated just compensation to Snyder. On March 13, 1972, PennDOT filed an answer to Weiss' petition which denied Weiss' allegations and requested that the matter be remanded to the board of view for a hearing pursuant to section 507 of the Code, 26 P.S. §1-507 (Supp. 1974-1975). On March 24, 1972, the lower court granted the petition to intervene which had been filed by Snyder and ordered the parties to proceed to take depositions regarding the issue of who was entitled to damages. However, on July 20, 1972, the lower court granted PennDOT's request for a remand by (1) dismissing Weiss' petition to compel payment of estimated just compensation and (2) remanding the matter to the board of view for a resolution of the dispute between the landowner and tenant. The issue was not resolved by the board of view, however, apparently because the parties

agreed that it would be easier to have the court dispose of the simple factual issue involved in the case. On November 1, 1973, the lower court issued the following order:

"AND Now, this *1st* day of *Nov* 1973, *counsel for all parties having agreed thereto,* it is hereby

"ORDERED AND DECREED that the order of July 20, 1972 is vacated; and the filing of depositions, with accompanying briefs, as provided in the order of March 24, 1972, is extended to December 3, 1973." (Emphasis added.)

The only testimony offered, via deposition, was that of Weiss, and thereafter, the lower court, on December 12, 1973, entered judgment in favor of Weiss in the amount of $11,815.00.

In her appeal to this Court, Snyder's sole contention is that the lower court followed improper procedure by resolving a dispute between a landowner and a tenant under a petition to compel payment of estimated just compensation pursuant to section 407 of the Code, 26 P.S. §1-407 (Supp. 1974-1975). Snyder contends that the dispute should have been settled through a petition by the condemnor pursuant to section 521 of the Code, 26 P.S. §1-521 (Supp. 1974-1975), or through a hearing before the board of view pursuant to section 507 of the Code, 26 P.S. §1-507 (Supp. 1974-1975).

We do not believe that it would be proper for us to consider the merits of Snyder's appeal because she did not object to the procedure used by the lower court. We have stated many times that we will not pass upon issues which were not raised or considered below. *See Commonwealth v. Robinson,* 7 Pa. Commonwealth Ct. 521, 300 A.2d 913 (1973) and *Commonwealth v. City of Philadelphia,* 5 Pa. Commonwealth Ct. 358, 290 A.2d 734 (1972). The record in this case clearly shows that Snyder actively participated in and affirmatively agreed to the procedure used by the lower court to dispose of the case. Snyder

cannot ask this Court to cure alleged procedural defects which she helped to create and in which she acquiesced. *See City of Pittsburgh, Milk Marketing Board Appeals,* 7 Pa. Commonwealth Ct. 180, 299 A.2d 197. (1973).

The order of the lower court is affirmed.