Clifford Township, Appellant *v.* Donald Ransom and Carolyn E. Ransom, Appellees.

Submitted on briefs September 29, 1978, to Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Ulric J. McHale,* for appellant.

*Raymond C. Davis,* for appellees.

Opinion by Judge Craig, March 12, 1979:

Clifford Township (township) appeals the order of the Court of Common Pleas of Susquehanna County (lower court) entering in favor of Plaintiffs Donald R. Ransom and his wife, Carolyn E. Ransom, peremptory judgment[1] directing the supervisors of Clifford Township to keep State Highway No. 174-1 in repair and reasonably free from all obstructions. We affirm the decision, but modify the order.

By deed dated March 18, 1974, the Ransoms purchased a tract of land in Clifford Township, a second class township, bordering on a road which formerly was part of Pennsylvania State Highway Route No. 174-1. That former portion was abandoned by letter dated January 11, 1928, and signed by James L. Stuart, then Secretary of the Department of Highways (Department). The abandonment came about when the Department, while reconstructing the highway, found it expedient to divert the course of the highway "from a point at station 525+80 to a point at station 531+90, a distance of approximately 610 feet or .116 miles . . . ," as stated in the Department's letter. The reconstructed highway was relocated just west of the abandoned portion in question here. It is apparent from the record, and there appears to be no real dispute among the parties, that the abandoned

---

[1] Although the order of the lower court purports to award a peremptory "writ" of mandamus, we will treat it, in the absence of objection, as a peremptory *judgment* pursuant to Pa. R.C.P. No. 1098, which replaced the peremptory writ created by Section 2 of the Act of June 8, 1893, P.L. 345, *formerly* 12 P.S. §1912, *suspended by* Pa. R.C.P. No. 1457.

portion of the highway has not been used for public travel for a considerable length of time.[2]

Neither the Ransoms nor the township have raised the question of the validity of the Department's highway relocation so as to abandon the portion of the highway in question here; the briefs seem to accept the validity of the Department's action. Nor did the township raise any objection to the implicit conclusion by the lower court that the duty of maintenance of the portion of highway in question here reverted to the township upon abandonment by the Department.[3] It is axiomatic that we will not pass upon issues which were not raised or considered below. *Snyder v. Department of Highways,* 19 Pa. Commonwealth Ct. 96, 338 A.2d 764 (1975).

The only issue actively raised in this case is whether the township, after 1928, ever vacated the road portion in question so as to divest itself of the

---

[2] Aside from the finding of fact that "[t]hat section of road is not maintained in a suitable manner," the lower court did not deal with the condition of the road. However, the record indicates that most of the road in question is overgrown with trees and heavy underbrush; that a utility pole has been placed in the roadway; and that, after 1938, a garage was built on the roadway.

[3] The lower court found:

FINDINGS OF FACT

1. The section of road herein concerned . . . was abandoned by the Commonwealth of Pennsylvania, Department of Highways as of January 11, 1928. . . .

2. Since that time the defendant has never abandoned the highway.

3. That section of road is not maintained in a suitable manner.

The parties accept the implicit conclusion of township responsibility for maintenance (if no vacation of the road) and the implicit antecedent that it was a township roadway *before* it became a state highway portion, both of which follow from Section 1 of the Act of April 27, 1927, P.L. 392, in effect at the time of the Department's abandonment, which states:

maintenance responsibility[4] and, particularly, whether it should be deemed to be vacated because it has not been maintained by the township or used by the public for a very long time.

We conclude that the Ransoms must prevail. Section 1101 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §66101 (Code), states how township supervisors may vacate a township road—only by ordinance. Section 1102 of the Code, 53 P.S. §66102, specifies the procedures required for a vacating ordinance. Such statutory directions must be strictly followed, because townships do not have any common-law power to build, improve or vacate roads. *Shapera v. Allegheny County*, 344 Pa. 473, 25 A.2d 566 (1941).

The township admitted in the pleadings that it has not formally vacated the road.

The township could, by proper procedures, vacate the portion of road. But unless it does, the township is under a statutory duty to care for and maintain the road. To that extent we affirm the decision of the lower court.

However, the lower court in its order inadvertently directed the township supervisors to ''cause road in Clifford Township known as State Highway Route

---

That where any section of a State highway route, as now or hereafter defined by law, shall be, or has been, relocated under the authority of existing laws, the portion of the public road or highway, thus abandoned as a State highway route, shall be maintained by, and at the expense of, the authorities responsible for the maintenance of said public road or highway prior to its having been established as a State highway.

[4] As the lower court concluded, under Section 516 of the Code, 53 P.S. §65516, the township is obliged to: ''(a) Have general care and superintendence of the roads . . . in the township. . . . (b) Cause such roads . . . to be kept in repair and reasonably free from all obstructions and give the necessary directions therefor.''

No. 174-1 to be kept and repaired and reasonably free from all obstructions and the [sic] give the necessary directions therefore." Obviously, the only part of the road in dispute here is that 610-foot section abandoned by the Department in 1928, and not the entire section of State Highway Route No. 174-1 located in the township, as the lower court's order suggested. Hence, we must modify the order of the lower court.

ORDER

AND Now, this 12th day of March, 1979, the decision of the Court of Common Pleas of Susquehanna County, docketed at No. 133 January Term, 1976, dated October 15, 1976, is affirmed, and the order in the above-docketed case is modified to refer only to the abandoned portion of State Highway Route No. 174-1 from station 525+80 to station 531+90, a distance of approximately 610 feet.