**In Re: The Taking By Eminent Domain of a Portion of Property Owned By The Bethany Congregation of the Presbyterian Church of The Borough of Bridgeville**

*Wiley A. Bucey,* for Bethany Congregation.
*Richard A. Ferris,* Borough of Bridgeville.

SILVESTRI, *J.*, August 14, 1984—The Borough of Bridgeville, herein Bridgeville, filed a declaration of taking, in fee simple, a strip of land of The Bethany Congregation of the Presbyterian Church of the Borough of Bridgeville, herein Church. The land approximates a rectangle having the following approximate dimensions: 29 feet by 277 feet by nine feet by 296 feet. The strip of land abuts Washington Avenue within Bridgeville.

The purpose of the taking is stated in the declaration of taking as ". . . to acquire property necessary for the widening of Washington Avenue. . . ."

The Church filed preliminary objections to the declaration of taking raising the question of the power or right of Bridgeville to approximate the condemned property and other procedure followed by Bridgeville.

We will first address the power or right of Bridgeville to condemn and appropriate the aforesaid property of the Church.

The Church in its brief and at oral argument concedes the Borough Code[1] authorizes a borough to appropriate private lands for the purpose of widen-

---

1. Act of February 1, 1966, P.L. (1965) §1501; 53 P.S. §46501.

ing streets. However, the Church contends and argues that Washington Avenue is a state highway so designated by statute and the Borough Code does not authorize the widening of state highways by condemnation by a borough acting on its own and in support thereof relies on the definition of the words "highway" and "street" in the Borough Code.

The preliminary provisions of the Borough Code, being section III[2], provide as follows:

"As used in this act, unless the context clearly indicates otherwise, the following words and terms shall be construed as follows:

• • •

(4) 'Highway' means a State highway of the Commonwealth of Pennsylvania.

• • •

(6) 'Street' means and includes any street, road, lane, court, cul-de-sac, alley, public way and public square."

In addition to the foregoing definitions, there are other relevant definitions which must be considered.

The preliminary provisions of the State Highway Law[3] provide:

"When used in this act, the following words and phrases shall have the following meanings:

(1) 'State highway' shall mean and include all roads and highways taken over by the Commonwealth as State highways under the provisions of any act of Assembly. *Unless clearly so intended, the term shall not include any street in any city, borough or incorporated town, even though the same*

---

2. 53 P.S. §45111.

3. Act June 1, 1945, P.L. 1242, Art. I, §102; 36 P.S. §670-102.

*may have been taken over as a state highway.*"[4] (Emphasis Supplied.)

The Borough Code, Art. XVII, Streets, (a), section 1701(1)[5], provides:

" 'Street' shall mean and include any street, as defined in section 111 of this act, either for or intended for public use, and shall include the cartway, sidewalk, gutter, and/or the right-of-way 'area, *whether or not such street, or any part thereof, is owned in fee by others than the borough. . . .*" (Emphasis Supplied.)

Pursuant to the Act of May 31, 1911, P.L. 468, §6; 36 P.S. 971, as herein relevant, the Commonwealth designated the roadway between Pittsburgh and Washington, which passes through Bridgeville, as legislative Route 108[6], as follows:

". . . all those certain existing public roads, highways, turnpikes, and toll roads, or any parts or portions thereof . . ., forming and being main traveled roads or routes between county-seats of the several

---

4. The Commonwealth has enacted legislation adopting Borough streets as State highways and particularly in Bridgeville as evidenced by the Act of June 1, 1933, P.L. 1172, §1; 36 P.S. 1753-1, which provides:

"The following *streets* in boroughs or incorporated towns shall, respectively, be adopted as State highways, to be constructed and maintained at the expense of the Commonwealth under the provisions of present or future laws governing State highways in boroughs." (Emphasis Supplied.)

By the Act of 1933, June 1, P.L. 1172, §2; July 12, 1935, P.L. 746, §2; and by Act of August 27, 1963, P.L. 134, §2; 36 P.S. §1753-2, particular streets in Bridgeville were adopted as State highways, being Routes 02050, 02043, 02201, 02352 and 02353.

5. 53 P.S. §46701(1).

6. Legislative Route 108 as it passes through Bridgeville is known as Washington Avenue.

tween principal cities, boroughs, and towns, shall be known, marked, built, rebuilt, constructed, repaired, and maintained by and at the sole expense of the Commonwealth; and shall be under the exclusive authority and jurisdiction of the State Highway Department, (now Department of Highways) and shall constitute a system of State Highways, the same being more particularly described and defined as follows:

• • •

"Route 108 From Pittsburgh to Washington

"Commencing at a point on the boundary line of the City of Pittsburgh, and running by way of Bridgeville to a point on the dividing line between Allegheny and Washington Counties; thence to Canonsburg; thence into Washington, Washington County. May 31, 1911, P.L. 468, §6, 1921, May 16, P.L. 620, §1; 1931, June 22, P.L. 697, §12; 36 P.S. 1080."

The construction, maintenance and repair of public roads is a government function which belongs to and may be exercised by the state; the power of the state to exercise this function is inherent, plenary and part of its police power. The power of local governments to construct, maintain and repair public roads is purely statutory, Shapera v. Allegheny County, 344 Pa. 473, 25 A.2d 566 (1941). Since local governments do not have any common-law power to build, maintain or improve roads, the statute vesting such power in them must be strictly complied with. Luzerne Twp. v. Fayette County, 330 Pa. 247, 199 Atl. 327 (1938); Greene County v. Center Twp., 305 Pa. 79, 157 Atl. 777 (1931). It was succinctly stated in Interstate Cemetery Co. Appeal, 422 Pa. 594, 222 A.2d 906 (1966), as follows: "Further, the right of eminent domain is exclusively in the sovereign. While the right to exercise the power

may be delegated, the body to which the power is entrusted has no power beyond that legislatively granted." The Eminent Domain Code, under which boroughs are required to proceed to appropriate land relating to street widening, does not enlarge or diminish the condemnation power of the borough.[7]

The resolution of the question of whether Bridgeville has the power and authority to condemn property to widen Washington Avenue lies in reading together the above quoted sections of the Borough Code and the State Highway Law.

The power of Bridgeville to condemn property, as contained in section 1501, supra, is limited, as herein relevant, to laying out, opening, widening, extending, vacating, grading or changing the grades or lines of streets.

"Street" as defined in section 1701(1) and section 111 of the Borough Code when read together means any and all ways for public use or intended for public use, including sidewalk, gutter, the entire right-of-way area whether used or not, which is within the geographical limits of the borough, whether or not it is owned in fee by others than the borough.

"Highway" is defined as a state highway in the Borough Code. "State highway" is defined in the State Highway Law and means all roads or highways taken over by the Commonwealth under the provisions of any act of assembly.

It is thus apparent that a "highway" under the Borough Code is a state highway which has become so by virtue of any act of assembly. Further, it is also clear that "roads and highways" taken over by the state which, in part, are streets within any city, bor-

---

7. Sp. Sess., June 22, 1964, P.L. 84, Art. IV, §402. As amended December 5, 1969, P.L. 316, §1; 26 P.S. 1-402(a).

ough or incorporated town, the parts which are "streets", although taken over as a State highway, are not "State highway(s)" as defined in the State Highway Law unless the Act of Assembly taking the "roads and highways" clearly intend that said street or streets is a "State Highway."

The acts of assembly, supra, whereby the roadway from Pittsburgh to Washington was adopted as a State highway under the exclusive authority and jurisdiction of the State Highway Department, designated the roadway as "forming and being main traveled roads or routes between . . . the county-seats of the several counties[8] and . . . between principal cities, boroughs, and towns. . . ."; then specifically in the act of assembly the said roadway is referred to as "running by way of Bridgeville."

There is nothing in either of the foregoing acts of assembly adopting the roadway from Pittsburgh to Washington a "state highway" from which it can be said that the legislature clearly intended that the said roadway, being Washington Avenue in Bridgeville, was to be a "state highway" as defined in the State Highway Law and being a "highway" as defined in the Borough Code.

In footnote 5, we cited acts of assembly whereby the language thereof demonstrates that the legislature "clearly intended" to make "streets" in boroughs "state highways" and thus "highways" under the Borough Code. The language in the said acts of assembly is conspicuously absent in the act of assembly adopting the roadway from Pittsburgh to Washington, running by way of Bridgeville, a state highway.

---

8. Pittsburgh is and was the County-seat of Allegheny County, and, Washington is and was the county-seat of Washington County.

We conclude from the foregoing that Washington Avenue in Bridgeville is a "street" and not a "highway" under the Borough Code by reason of not being a state highway under the State Highway Act; thus, Bridgeville has the power and right to condemn property for the widening thereof.

Having determined that Bridgeville has the power and right to take the property of the Church, we next address the other preliminary objections asserted by the Church. In reviewing preliminary objections 2 through 7-A, B, C, D and E, we find that there are issues of fact raised by Bridgeville's answer[9] thereto.

We will defer entering an order on the preliminary objections raised by the Church pending resolution of the aforesaid issues of fact and enter the attached order.

## ORDER

And now, this July 6, 1984, having determined that Bridgeville has the power and right to take the property of the Church, it is hereby ordered as follows:

1. The parties shall take depositions to resolve the issues of fact raised by the preliminary objections raised by the Church being numbers 2 through 7-A, B, C, D and E.

2. The depositions shall be completed, transcribed and filed with this court on or before July 31, 1984.

3. Argument on the remaining preliminary objections will be held before the undersigned on August 6, 1984 at 9:00 a.m.

---

9. The Church did not endorse its preliminary objections with a notice to plead, which Bridgeville waived by answering.

4. A final order on all preliminary objections filed, including the power or right of Bridgeville will be entered subsequent to August 6, 1984.

## ORDER

And now, this August 14, 1984, it is ordered that the Borough of Bridgeville, within 10 days from the date hereof, record in the office of the recorder of deeds a plan showing the property condemned and also, within the aforesaid period, amend its declaration of taking by setting forth a reference to the place of recording in the office of the recorder of deeds of the plan showing the property condemned; the said amendment shall be effective as of March 5, 1984, the date of the filing of the declaration of taking.

Upon Bridgeville, by its attorney or mayor or president of council filing within the above time period, an affidavit of compliance with the foregoing, the preliminary objection of the Church, being preliminary objection no. 6, is dismissed.

Preliminary objections nos. 1, 2, 3, 4, 5 and 7-A, B, C, D and E are dismissed.